FILED
2017 Dec-04  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

JET/RBM/HBC/AL Dec. 2017
GJ#25

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **DOUGLAS GLOVER** | ) | |

## <u>INDICTMENT</u>

The Grand Jury Charges:

## <u>INTRODUCTION</u>

### LAWS RESTRICTING THE EXPORT OF DEFENSE ARTICLES

1.   The Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"), authorized the President of the United States to control the export of defense articles by designating those items which shall be considered as defense articles and by promulgating regulations for the import and export of such articles.

2.   The AECA and its attendant regulations, the International Traffic in Arms Regulation, Title 22, Code of Federal Regulations, Parts 120-130 ("ITAR"), required a person to apply for and obtain an export license from the

Directorate of Defense Trade Controls of the Department of State ("DDTC")
before exporting defense articles from the United States.

    3.  Defense articles that were subject to such licensing requirements were
designated on the United States Munitions List ("USML") and were subject to
regulatory control pursuant to 22 C.F.R. § 121.1.  Those designations were made
by the United States Department of State with the concurrence of the United States
Department of Defense.

    4.  Category I of the USML included nonautomatic, semi-automatic, and
fully automatic firearms to .50 caliber (12.7 mm), any silencers, mufflers, sound
and flash suppressors for such firearms, and any components for such firearms,
including magazines.

    5.  AK-47 Magazines were defense articles as defined by Category I of the
USML.  Prior to export from the United States, Defendant DONALD GLOVER
("GLOVER") was required to obtain an export license from the DDTC.  At no
time did GLOVER apply for, receive, or possess a license to export AK-47
magazines from the United States.

## COUNT ONE:
### 22 U.S.C. §§ 2778(b)(2), (c);
### 22 C.F.R. §§ 121.1, 123.1, 127.1 (a), (e)

The Grand Jury charges that:

6.     The factual allegations of paragraphs 1 through 5 are incorporated by reference and are realleged as though fully set forth therein.

7.     On or about the 16th day of December, 2016, in Jefferson County, within the Northern District of Alabama, the defendant,

**DOUGLAS GLOVER,**

did knowingly and willfully attempt to export from the United States one or more 30-round capacity AK-47 Magazines, a defense article as defined in Category I of the USML, without first having obtained a license or authorization from the DDTC.

All in violation of Title 22, United States Code, Sections 2778(b)(2), (c); and 22 C.F.R. §§ 121.1, 123.1, 127.1 (a), (e).

## COUNT TWO:
## [18 U.S.C. § 1001]

The Grand Jury charges that:

8.     On or about the 16th day of December, 2016, in Jefferson County, within the Northern District of Alabama, the defendant,

**DOUGLAS GLOVER,**

did willfully and knowingly make and use any false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry within the jurisdiction of the executive branch of the Government of the United

States, by making and using a false statement to the United States Postal Service on the Customs Declaration Dispatch Note with tracking number CJ455106262US regarding the description of the contents of a package that was presented for shipment at the Center Point Post Office located in Birmingham, Alabama. The statements and representations were false because the defendant then and there knew the true contents of the shipment, in violation of Title 18, United States Code, Section 1001.

**<ins>COUNT THREE:</ins>**
**[18 U.S.C. § 554]**

The Grand Jury charges that:

9.      The factual allegations in paragraphs 1 through 5 are incorporated by reference and are re-alleged as though fully set forth therein.

10.     On or about the 16th day of December, 2016, in Jefferson County, within the Northern District of Alabama, the defendant,

**DOUGLAS GLOVER,**

did knowingly and fraudulently attempt to export and send from the United States, one or more 30-round capacity AK-47 Magazines, contrary to the laws and regulations of the United States. Specifically, defendant GLOVER provided false

information to the U.S. Postal Service on the customs declaration form, which described the AK-47 magazines as "Toy Parts."

All in violation of Title 18, United States Code, Section 554.

## NOTICE OF FORFEITURE

Forfeiture – 18 U.S.C. § 981(a)(1)(C); 22 U.S.C. § 401; 28 U.S.C. § 2461(c); The United States further charges:

1.      The allegations of Indictment Counts ONE and TWO are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 22 United States Code § 401); Title 28, United States Code § 2461(c).

2.      Upon conviction of the offenses set forth in Counts ONE of this Indictment, the defendant

**DOUGLAS GLOVER,**

shall forfeit to the United States of America all rights, title and interest in any and all property, real or personal, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations charged in Indictment Count ONE and any arms or munitions of war or other articles exported or shipped in violation of law and any vessel, vehicle, or aircraft containing the same which has been used

in exporting or attempting to export such arms or munitions of war or other articles involved in the offese charged in Indictment Count ONE.

3.      Upon conviction of the offenses set forth in Counts TWO of this Indictment, the defendant

**DOUGLAS GLOVER,**

shall forfeit to the United States of America all rights, title and interest in any and all property, real or personal, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations set forth in Count TWO.

4.      The property to be forfeited as a result of convictions for Indictment of Counts ONE and TWO includes, but is not limited to, 30 round capacity AK-47 Magazines.

5.      If any of the property described above, as a result of any act or omission of the defendant:

       a.      cannot be located upon the exercise of due diligence;

       b.      has been transferred or sold to, or deposited with, a third party;

       c.      has been placed beyond the jurisdiction of the court;

       d.      has been substantially diminished in value; or

       e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 22 United States Code Section 401; and Title 28, United States Code Section 2461(c).

A TRUE BILL

/s/ Electronic Signature
FOREMAN OF THE GRAND JURY

JAY E. TOWN
United States Attorney

/s/ Electronic Signature
ROBIN B. MARK
Assistant United States Attorney

/s/ Electonic Signature
HENRY B. CORNELIUS, JR.
Assistant United States Attorney

/s/ Electronic Signature
AMY LARSON
Trial Attorney
National Security Division

9