# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) CASE NO. 2:17-CR-00533-KOB-TMP |
| | ) |
| **DOUGLAS GLOVER** | ) |

## <u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

COMES NOW the United States of America, and submits this Sentencing Memorandum for the Court's consideration in determining an appropriate sentence for Defendant Douglas Glover.

### A. The Government recommends a 16-month custodial sentence

The Government has considered the following factors and recommends that the Court impose a custodial sentence of 16 months followed by a three-year term of supervised release.

### 1. Facts of the Offense

The first factor the Government considered is the relevant facts of the underlying offense. The Defendant's conduct in the instant case is quite serious. Defendant Glover first came to the attention of law enforcement in December of 2016. The United States Postal Inspection Service ("USPIS") received information

that merchandise purchased with stolen credit card information was shipped to the Defendant's residence. *See* PSR ¶12. Postal Inspectors went to the Defendant's home, interviewed the Defendant, and learned that he had taken an online job in which he agreed to receive packages, relabel them, and then reship them according to instructions provided by the online company. *Id*. at ¶13. Postal Inspectors informed the Defendant that the packages he was reshipping contained merchandise purchased with stolen credit card information. As such, the Defendant was advised that if he continued to work for the online company, he would be engaging in criminal conduct and could be arrested. *Id*. at ¶15. After hearing this admonition, the Defendant agreed to stop reshipping the packages, and signed a Voluntary Discontinuance Agreement. *Id*.

In subsequent communication with Postal Inspectors, the Defendant was advised to return any packages he had in his possession to the online company and to refuse any additional packages the company attempted to deliver to his home. *Id*. at ¶18. Had the Defendant heeded the warnings provided to him by law enforcement, and followed through with the agreement he signed on December 9, 2016, he would not be before the Court, awaiting sentencing on this matter. However, the Defendant refused to follow the instructions provided to him by law enforcement. Instead, on December 16, 2016, one week after being informed by

Postal Inspectors that he could be arrested and after signing the Voluntary Discontinuance Agreement, the Defendant brought two large boxes into the Center Point Post Office, and attempted to mail these boxes to addresses in Russia.  *Id*. at ¶¶ 20-21.   The Customs Declarations on each of these boxes labeled the contents as "Toy Parts."  *Id*.

The boxes the Defendant attempted to mail from the local Post Office did not contain Toy Parts.  Instead, the Defendant knew that each box contained at least fifty, high-capacity magazines designed for the AK-47 assault rifle.  *Id*. at ¶ 25.  Each one of these magazines were individually wrapped with a warning label that states, "This item is subject to the Arms Control Export Act.  A prior authorization or license from the U.S. Department of State Department Directorate of Defense Trade Controls is required to export, re-export, transfer or retransfer this item abroad."  *Id*. *See also* Photograph of magazine attached as Exhibit A.

In July of 2017, the Defendant admitted to Postal Inspectors that he knew the true contents of the packages he attempted to mail to Russia on December 16, 2016.  *Id*. at ¶28.  The Defendant admitted that he removed catalogues from inside the boxes and, while doing so, observed the warning labels on each of the high-capacity magazines.  *Id*.

When the Defendant affixed the Customs Declaration Form to each of the

packages, he certified that the particular information provided on each document was correct. These forms are intended for individuals to truthfully and accurately declare the contents of packages, in order to assist our corresponding Customs Agencies that control the flow of goods in and out of our country. The Defendant knew that the Customs Declarations Forms, which declared that the packages he was attempting to send to Russia contained only Toy Parts, contained false information. Nevertheless, he used these forms in an effort to conceal his criminal activity. For all of the reasons stated above, a sentence of 16 months is appropriate due to the nature and severity of the Defendant's criminal conduct.

### 2. History and Characteristics of the Defendant

Although the Defendant does not have a significant criminal history, the Defendant has engaged in past behavior that is of concern. Specifically, the Defendant currently has an outstanding domestic related warrant in Roswell, Georgia for Aggravated Stalking and Terroristic Threats. According to information contained in the PSR, in May and June of 2015, the Defendant made threats to kill another person, and continued to attempt to contact another individual who had a protective order against the Defendant. *See* PSR ¶52. Weighing this factor, a sentence within the guidelines range agreed to in the Plea Agreement is appropriate.

### 3. Deterrence

The Government considered the importance of deterrence in determining a recommended sentence of 16 months. 18 U.S.C. § 3553(a)(2)(B).  There is a need to discourage others who knowingly and willingly violate the laws prohibiting the illegal exportation of goods.  There are many individuals, like the Defendant, who choose to export U.S. goods without a license from the U.S. government for their own financial gain.  A sentence of 16 months in this case will help to discourage others who engage in similar criminal activities.

Additionally, the Defendant was warned about his conduct by Postal Inspectors and yet he was not deterred.  When Postal Inspectors first came to the Defendant's home to discuss this reshipping scheme with him, the four packages containing AK-47 parts were inside his residence.  *Id.* at ¶28.  The Defendant was advised by Postal Inspectors of the nature of his conduct, the potential criminal consequences, and he signed a Voluntary Discontinuance Agreement.  However, the Defendant blatantly disregarded the warnings from Postal Inspectors and broke the agreement he made with law enforcement.  Therefore, a sentence of 16 months will also serve to deter the Defendant from further criminal conduct.

### 4. The Sentencing Guidelines

Although the Guidelines are not mandatory, they remain "the starting point

and the initial benchmark" in determining the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines as written "reflect the fact that the Sentencing Commission examined tens of thousands of sentences" over many years in an effort to achieve the objectives of 27 U.S.C. § 3553(a). *Rita v. United States*, 551 U.S. 338, 349 (2007). The "result is a set of Guidelines that seek to embody the Section 3553(a) considerations, both in principle and in practice." *Id*. at 350. Thus, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve" those statutory objectives. *Id.*

In this case, the Guidelines are driven by the offense conduct and result in an offense level of 23 with a guideline imprisonment range of 46-57 months. The Guideline range is reflective of the seriousness of the offense conduct. However, the Government has agreed in the plea agreement that the guideline imprisonment range for this case should be an offense level 12 with a guideline imprisonment range of 10-16 months. Based on the Sentencing Guidelines and all of the 3553(a) sentencing factors, the Government believes the Guideline range in this case is reasonable and appropriate, and requests that the Court impose a sentence of 16 months' imprisonment, to be followed by a three-year term of supervised release.

## CONCLUSION

The Government has taken into consideration the Sentencing Guidelines and

all of the factors enumerated in 18 U.S.C. § 3553(a), including, but not limited to the factors set forth above. In doing so, the Government requests that the Court impose a custodial sentence of 16 months followed by a term of three years supervised release. This is a just and reasonable sentence befitting the nature and seriousness of this offense, it promotes respect for the law and provides just punishment for the offense.

JAY E. TOWN
United States Attorney

_/s/ Robin B. Mark_____
ROBIN B. MARK
Assistant United States Attorney


/s/ *Amy Larson*_____
AMY LARSON
Trial Attorney
United States Department of Justice
National Security Division