# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | **Case No.: 2:17-cr-533-KOB-TMP** |
| ) | |
| **DOUGLAS GLOVER,** ) | |
| **Defendant.** ) | |

## <u>MOTION FOR PRELIMINARY ORDER OF FORFEITURE</u>

Comes now the United States of America and moves this Court for entry of a Preliminary Order of Forfeiture. In support, the Government states as follows:

1. In the Indictment's Notice of Forfeiture, the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 22 U.S.C. § 401, and 28 U.S.C. § 2461(c) of certain property of Defendant DOUGLAS GLOVER, namely any proceeds obtained directly or indirectly from, and any property used or intended to be used in, the commission of the offenses charged in Indictment Counts One and Two. Specifically, Defendant was given notice of the forfeiture of the following property: **30 round capacity AK-47 Magazines**. [Doc. 1.]

2. On or about August 28, 2018, Defendant DOUGLAS GLOVER entered into a plea agreement with the United States [Doc. 44], and on September 24, 2018, Defendant pleaded guilty to Count Three of the Indictment. [Minute

1

Entry, 09/24/18.]  In the plea agreement, Defendant agreed to forfeit the AK-47 magazines described above. [*See* Doc. 7 at 1, 8, 12.]

    3.    The Court's authority to enter a Preliminary Order of Forfeiture in this case is governed by Federal Rule of Criminal Procedure 32.2, which directs, in pertinent part, that:

> **(1)    Forfeiture Phase of the Trial.**
>
>     **(A)    Forfeiture Determinations.** As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense . . . .
>
>     . . . .
>
> **(2)    Preliminary Order.**
>
>     **(A)    Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . . The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
>     . . . .
>
> **(4)    Sentence and Judgment.**

2

> . . . .
>
> **(B) Notice and Inclusion in the Judgment.** The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment . . . .

5. Additionally, because forfeiture is a part of sentencing, the Government need only demonstrate that the property sought for forfeiture is forfeitable by a preponderance of the evidence, not proof beyond a reasonable doubt. *See United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999); *see also United States v. Cabeza*, 258 F.3d 1256, 1257-1258 (11th Cir. 2001) (*Apprendi* does not change preponderance of the evidence standard in forfeiture phase).

6. In this case, the Government seeks forfeiture based upon Defendant's plea agreement's factual bases and his consent to forfeiture.

7. Based upon Defendant's consent to forfeiture, the Attorney General is now entitled to possession of the above-described property pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, and is authorized to commence proceedings necessary to accommodate any third-party rights in the property, pursuant to Rule 32.2(b)(3) and 21 U.S.C. § 853(n).[1]

---

[1] The procedural provisions of 21 U.S.C. § 853 governing criminal forfeiture are incorporated by 28 U.S.C. § 2461(c).

8. Pursuant to Rule 32.2(c)(2), at the conclusion of ancillary proceedings to determine third-party rights, the Court must enter a final order of forfeiture with respect to the property, except that if no third party files a timely petition, at the expiration of the time in which third-party petitions may be filed, the Preliminary Order of Forfeiture may become the Final Order of Forfeiture, and the United States shall have clear title to the property.

Accordingly, for the reasons stated above, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture in the above-styled criminal action, pursuant to 18 U.S.C. § 981(a)(1)(C), 22 U.S.C. § 401, and 28 U.S.C. § 2461(c), ordering the forfeiture of:

1. **30 round capacity AK-47 Magazines; and**
2. **Any other accompanying magazines and ammunition**.

Respectfully submitted this 29th day of March 2019.

JAY E. TOWN
United States Attorney

*s/Thomas Borton*
Thomas Borton
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2001
Thomas.Borton@usdoj.gov

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 29th day of March 2019, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

                                              *s/Thomas Borton*
                                              Thomas Borton
                                              Assistant United States Attorney